UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JEANINE DE LA VERRIERE, *on behalf of herself*
*and others similarly situated in the proposed FLSA*     No.: 1:22-CV-5700 (PAE-SLC)
*Collective Action,*

               Plaintiff,     **ORAL ARGUMENT REQUESTED**

     - against -

ELYMAR RESTAURANT CORPORATION,
ELYANE VASCHETTA (a/k/a ELYANE
BRUNO), and WILLIAM WELLES,

               Defendants.
---------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, OR FOR
# SUMMARY JUDGMENT DISMISSING THE COMPLAINT, AS BARRED
# BY THE STATUTE OF LIMITATIONS


                                            Steven W. Gold
                                            Ryan W. Lawler
                                            Alex J. Otchy
                                            MINTZ & GOLD LLP
                                            600 Third Avenue, 25th Floor
                                            New York, New York 10016
                                            (212) 696-4848 (t)
                                            (212) 696-1231 (f)
                                            gold@mintzandgold.com
                                            lawler@mintzandgold.com
                                            otchy@mintzandgold.com
                                            *Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

FACTS ALLEGED IN THE COMPLAINT AND PROCEDURAL HISTORY............................2

ARGUMENT...................................................................................................................................3

      I.      Plaintiff's Complaint Should Be Dismissed Or Summary Judgment Granted In Defendants' Favor Because Plaintiff's FLSA Claims Are Barred By The Statute Of Limitations And Any Remaining Claims Not Time-Barred Are Subject To Dismissal For Lack of Jurisdiction ..........................................................................4

      II.     The Court Should Dismiss Plaintiff's Remaining State Law Claims Because The Court Never Had Original Jurisdiction Over the Time-Barred FLSA Claims In Order to Obtain Supplemental Jurisdiction Over Defendants .................................8

      III.    Defendants Never Should Have Been Forced To File This Motion .....................10

CONCLUSION..............................................................................................................................11

# **TABLE OF AUTHORITIES**

Cases

*Allen v. Chanel Inc.*,
  No. 12 CV 6758 (RPP), 2013 WL 2413068 (S.D.N.Y. June 4, 2013) ....................................... 7

*Anderson v. Greene*,
  No. 14 Civ. 10249 (KPF), 2016 WL 4367960 (S.D.N.Y. Aug. 10, 2016) ................................ 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 3, 4

*Berk v. St. Vincent's Hosp. & Med. Ctr.*,
  380 F. Supp. 2d 334 (S.D.N.Y. 2005) ..................................................................................... 7

*County of Suffolk v. Long Island Lighting Co.*,
  907 F.2d 1295 (2d Cir. 1990) .................................................................................................. 7

*Dallas Aerospace, Inc. v. CIS Air Corp.*,
  352 F.3d 775 (2d Cir. 2003) .................................................................................................... 7

*Djurdjevich v. Flat Rate Movers, Ltd.*,
  No. 17-cv-261 (AJN), 2020 WL 7027590 (S.D.N.Y. Nov. 30, 2020) ...................................... 8

*Fakir v. Skyrise Rock Corp.*,
  No. 16-CV-4695 (JPO), 2016 WL 7192095 (Dec. 12, 2016) ................................................... 5

*Ghartey v. St. John's Queens Hosp.*,
  869 F.2d 160 (2d Cir. 1989) .................................................................................................... 6

*Gill v. Upson Regional Medical Center*,
  1. F.Supp.2d 1480 (M.D. Ga. 1998) ....................................................................................... 9

*Groden v. Random House, Inc.*,
  61 F.3d 1045 (2d Cir. 1995) .................................................................................................... 7

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................................................................ 7

*McClelland v. Longhitano*,
  140 F.Supp.2d 201 (N.D.N.Y. 2001) ...................................................................................... 9

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
  723 F.3d 192 (2d Cir. 2013) .................................................................................................... 5

*Parada v. Banco Indus. De Venezuela, C.A.*,
  753 F.3d 62 (2d Cir. 2014).................................................................................................. 4

*Rahl v. Bande*,
  328 B.R. 387 (S.D.N.Y. Bankr. 2005) ................................................................................. 4

*Roelcke v. Zip Aviation, LLC*,
  No. 15 Civ. 6284 (DAB), 2018 WL 1792374 (S.D.N.Y. Mar. 26, 2018) ................................ 4

*Sahu v. Union Carbide Corp.*,
  548 F.3d 59 (2d Cir. 2008) ................................................................................................... 6

*Sevilla v. House of Salads One LLC*,
  No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022).................................................. 9

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
  547 F.3d 406 (2d Cir. 2008).................................................................................................. 6

*Virgilio v. Motorola, Inc.*,
  307 F. Supp. 2d. 504 (S.D.N.Y. 2004).................................................................................. 9

*Wright v. Goord*,
  554 F.3d 255 (2d Cir. 2009)................................................................................................. 7

*ZB Holdings, Inc. v. White*,
  144 F.R.D. 42 (S.D.N.Y. 1992) ............................................................................................ 9


Statutes

28 U.S.C. § 1331................................................................................................................... 1

28 U.S.C. § 1367(a) ........................................................................................................ 8, 9

28 U.S.C. § 1367(c)(3) .......................................................................................................... 9

29 U.S.C. § 216(b) ................................................................................................................. 3

29 U.S.C. § 255(a) ................................................................................................................. 4

NYLL § 198(3) ...................................................................................................................... 4

NYLL § 663(3) ...................................................................................................................... 4


Rules

Fed. R. Civ. P. 12(b)(1)................................................................................................... 8, 11

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. passim

Fed. R. Civ. P. 12(d) .................................................................................................................... 6, 11

Fed. R. Civ. P. 12(c) ........................................................................................................................ 6

Fed. R. Civ. P. 56 ..................................................................................................................... passim

Fed. R. Civ. P. 56(c) ........................................................................................................................ 7

Regulations

29 C.F.R. § 790.21(b) (2012) .......................................................................................................... 5

Defendants Elymar Restaurant Corporation ("Elymar"), Elyane Vaschetta (a/k/a Elyane Bruno), and William Welles (collectively, "Defendants"), by and through their undersigned counsel, Mintz & Gold LLP, respectfully submit this Memorandum of Law in support of their motion to dismiss the Complaint of Plaintiff Jeanine De La Verriere ("Plaintiff")—or, in the alternative, for summary judgment—because Plaintiff's claims are barred by the applicable statute of limitations and, therefore, no supplemental jurisdiction over any remaining state law claims.

## PRELIMINARY STATEMENT

Plaintiff's claims in this action are time-barred. The statute of limitations for claims under the Fair Labor Standards Act ("FLSA") is, at most, three years, and the statute of limitations for claims under the New York Labor Law ("NYLL") is six years.  Plaintiff asserts claims under both, but she is out of the box because he has not worked for Defendants since December 2018. In fact, Plaintiff is approximately 85 years old, and initiated this matter nearly four years after ceasing employment with Defendants and almost an entire calendar year past the statute of limitations for FLSA claims – which is the basis for this Court's jurisdiction.  (*See* ECF No. 1 at ¶ 4 ("This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA."). As such, because the Court does not have original jurisdiction over the time barred FLSA claim, it therefore cannot have supplemental jurisdiction over state law claims that do not relate to any pending federal claims.

It would be difficult to find a more blatant example of a frivolous claim, filed in Federal Court, asserted in the face of an obvious defense. As such, by filing her Complaint in this action, Plaintiff has wasted both Defendants' and the Court's precious time and resources. Plaintiff's

1

Complaint should be dismissed, with prejudice, for failure to state a claim or, in the alternative, the Court should grant Defendants summary judgment.

Further, counsel for Defendants repeatedly warned counsel for Plaintiff that the claims were time-barred, frivolous and sanctionable. Defendants' counsel emphasized to Plaintiff's counsel that Plaintiff had no basis to bring claims in the Southern District of New York. Despite these warnings, counsel for Plaintiff has refused to withdraw the action. If it were not for Defendants' refusal to expend additional resources defending this action, Plaintiff and Plaintiff's counsel would have also faced a Rule 11 motion. But this is not the first instance of frivolous filings by Plaintiff's counsel against these Defendants. In fact, Plaintiff's counsel engaged in the same frivolous behavior a few months prior with another Plaintiff where Plaintiff's counsel filed a complaint against Defendants despite documentary evidence that Plaintiff's claim was barred by the statute of limitations. That matter was ultimately settled for the nuisance value of $2,500. (*See* Case 1:21-cv-10567-JPO Document 24 (". . . that Plaintiff has judgment in the amount of $2,500.00 as against Defendants.").) Additionally, it is clear that Plaintiff's counsel copy and pasted the prior frivolous Complaint as paragraphs 7 and 8 refers to Plaintiff as "Plaintiff Beitmirza" – who was the Plaintiff in the prior action. (*See* ECF No. 1 at ¶¶ 7-8.)

## FACTS ALLEGED IN THE COMPLAINT AND PROCEDURAL HISTORY

Plaintiff alleges that she was employed as a server at Elymar Restaurant Corp.'s French restaurant, Chez Napoleon, from around January 1971 through December 2018. (ECF No. 1 at ¶ 7.) Plaintiff alleges that between July 5, 2016 through December 31, 2018, she worked five days per week for seven hours a day, or approximately thirty-five hours a week. (*Id*. at ¶ 39.) Plaintiff received her last paycheck, for accrued vacation pay, in connection with her employment as a server on February 11, 2019. (Kutner Decl. ¶¶ 4-5, Ex. A; Vaschetta Decl. ¶

4.)

Plaintiff claims that over the course of her employment at Chez Napoleon, Defendants violated the FLSA and NYLL in several respects by, *inter alia,* failing to pay minimum wages, improperly withholding Plaintiff's tips, unlawfully appropriating Plaintiff's tips and deducting her wages, requiring Plaintiff to participate in a tip pool with ineligible non-tipped employees, failing to provide meal breaks or rest periods of any length, failure to provide a statement of wages to Plaintiff, failure to pay overtime wages, and filing to maintain and preserve required employment records. (*See generally* ECF No. 1.)  All of these allegations are disputed by Defendants, but the veracity of these claims is of no consequence in light of the time-bar and the Court's lack of jurisdiction following the time-bar to Plaintiff's FLSA claim. (ECF. No. 1 ¶¶ 68-94.)

Plaintiff commenced this action by filing her Complaint on July 5, 2022.  (*See* ECF No. 1.)  In her Complaint, Plaintiff seeks certification of a collective action under 29 U.S.C. § 216(b), declaratory judgment, damages, attorneys' fees, and costs.  (*Id*. ¶¶ 64-67.)

## ARGUMENT

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not factual.  *Id.*  "[O]nly a complaint that states a plausible claim for relief survives a motion

to dismiss." *Id*.  A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff describes, are insufficient as a matter of law." *Rahl v. Bande*, 328 B.R. 387, 399 (S.D.N.Y. Bankr. 2005).

As detailed below, the complaint here falls well short of meeting this standard.

**I.      Plaintiff's Complaint Should Be Dismissed Or Summary Judgment Granted In Defendants' Favor Because Plaintiff's FLSA Claims Are Barred By The Statute Of Limitations And Any Remaining Claims Not Time-Barred Are Subject to Dismissal For Lack of Jurisdiction**

The Court should dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted—or, alternatively, grant Defendants summary judgment under Fed. R. Civ. P. 56—because Plaintiff's FLSA, which is the basis for the Court's original jurisdiction, claims are statutorily time-barred.

"The FLSA provides a two-year statute of limitations on actions to enforce its provisions, 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014) (quoting 29 U.S.C. § 255(a)).  Thus, even where a defendant's actions were willful, an FLSA claim is time-barred if it is asserted more than three years after the claim accrues.  The NYLL has a longer statute of limitations than the FLSA and allows claims to be asserted until six years after the claim accrues.  *See* NYLL § 198(3), 663(3); *Roelcke v. Zip Aviation, LLC*, No. 15 Civ. 6284 (DAB), 2018 WL 1792374, at *14 (S.D.N.Y. Mar. 26, 2018).  Accordingly, for a claim to be timely under the lengthier statute of limitations of the NYLL, the action must be commenced no later than six years after the claim's accrual date. Any claim asserted more than six years after it accrues is time-barred.

4

"The cause of action for FLSA and NYLL claims accrues on the next regular payday following the work period when services are rendered." *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) (citing 29 C.F.R. § 790.21(b) (2012)); *accord Fakir v. Skyrise Rock Corp.*, No. 16-CV-4695 (JPO), 2016 WL 7192095, at *3 (Dec. 12, 2016). Thus, every new paycheck represents a potential cause of action. *Id.* at 198-99. However, an employee ceases to have any claim against her former employer for violation of the NYLL six years after she leaves or is terminated from her position (and only two years after under the FLSA – or three years if found to be a willful violation). Accordingly, a plaintiff must commence an action within six years of the next regular payday following her last day of work in order to state a claim under the NYLL.

Plaintiff filed this action on July 5, 2022. (*See* ECF No. 1.) Thus, her FLSA claims are timely only if they accrued within the three years before – *i.e.*, July 6, 2019. Her NYLL claims are timely only if the FLSA claims are related to the NYLL claims and they accrued within the six years before – *i.e.*, after July 6, 2016. In other words, any claim that accrued before December 9, 2016, is time-barred under the NYLL (and outside of timely filing by more than three years under the FLSA). While Defendants dispute Plaintiffs NYLL claims, Plaintiff cannot bring those claims under the NYLL based upon supplemental jurisdiction because no original jurisdiction exists where the basis for jurisdiction, the FLSA claim, has been time-barred.

Here, Plaintiff's claims accrued no later than July 2019– more than three years before Plaintiff commenced this action. While Defendants dispute that any of Plaintiff's claims are legitimate, there is no doubt that Plaintiff's FLSA claims are time-barred. As set forth in the accompanying Declarations of Eric Kutner (who has serves as Elymar's accountant and outside consultant who reviews the books and records for the company) and Elyane Vaschetta (President

5

of Elymar), Plaintiff's last day of employment was December 2018. (Kutner Decl. ¶ 4; Vaschetta Decl. ¶ 3.) Indeed, the last payroll check issued to Plaintiff was dated December 31, 2018, with one additional severance check dated February 11, 2019. (Kutner Decl. ¶¶ 4-5, Ex. A; Vaschetta Decl. ¶ 4.) But even with the check dated February 11, 2019, Plaintiff failed to file her Complaint by February 11, 2022 – within the three year statute of limitations for (willful) FLSA claims. And, without the FLSA claim, there is no original jurisdiction to provide the Court with supplemental jurisdiction to hear the state law claims. Accordingly, Plaintiff's claims are barred by the applicable statute of limitations and should be dismissed.

Where a defendant raises a statute of limitations defense in a pre-answer motion to dismiss based on dates set forth in the complaint, such motion "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted[.]" *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008). In some cases, however, a statutory bar may not be apparent from the allegations on the face of the complaint. In those circumstances, where a defendant relies on documents outside of the four corners of the pleading to support its motion, a motion to dismiss may be converted to a motion for summary judgment.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); *see Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008).

"A district court may thus convert a motion to dismiss into a motion for summary judgment when the motion presents matters outside the pleadings, provided that the court gives 'sufficient notice to an opposing party and an opportunity for that party to respond.'" *Anderson v. Greene*, No. 14 Civ. 10249 (KPF), 2016 WL 4367960, at *11 (S.D.N.Y. Aug. 10, 2016)

6


(quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)). Further, "[c]ourts have considerable discretion in deciding" whether to convert a Rule 12 motion into a motion for summary judgment under Rule 56. *Allen v. Chanel Inc.*, No. 12 CV 6758 (RPP), 2013 WL 2413068, at *4 (S.D.N.Y. June 4, 2013).  Here, because the evidence submitted by Defendants clearly will dispose of this case, the Court should exercise its discretion and consider the Declaration of Eric Kutner and the exhibit attached thereto and the Declaration of Elyane Vaschetta in ruling on Defendants' motion.

Summary judgment is properly granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). Although the district court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant," *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003), the court should not grant the non-moving party the benefit of "unreasonable inferences, or inferences at war with undisputed facts," *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 342 (S.D.N.Y. 2005) (quoting *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1381 (2d Cir. 1990). If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment should be granted to the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citations omitted).

Here, Defendant submitted affidavits and affirmations with documents that she left her employment at Chez Napoleon in December 2018 and received her last payment on February 11,

7

2019. No reasonable trier of fact could conclude that she worked for Elymar within the last three years. Plaintiff cannot raise a genuine issue of material fact and summary judgment should therefore be granted in Defendants' favor. *See Djurdjevich v. Flat Rate Movers, Ltd.*, No. 17-cv-261 (AJN), 2020 WL 7027590 (S.D.N.Y. Nov. 30, 2020) (granting defendant summary judgment on plaintiff's FLSA claim where plaintiff had applied for unemployment insurance benefits more than three years before commencing the action and plaintiff was unable to raise genuine issues of material fact to suggest he was entitled to equitable tolling).

Accordingly, the Court should either dismiss the Complaint, with prejudice, under Rule 12(b)(1) and 12(b)(6) or grant Defendants summary judgment on Plaintiff's claims under Rule 56.

## II. The Court Should Dismiss Plaintiff's Remaining State Law Claims Because The Court Never Had Original Jurisdiction Over the Time-Barred FLSA Claims In Order To Obtain Supplemental Jurisdiction Over Defendants

Plaintiff's remaining claims in this Court must be dismissed with prejudice because the Court does not have original jurisdiction over frivolous, non-existent time barred FLSA claims, and therefore, cannot hear the state law claims based under supplemental jurisdiction that is based off the non-existent and time barred FLSA claims.

As set forth in 28 U.S.C. § 1367(a):

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 USC § 1367(a). Where a Plaintiff has claims that give rise to original jurisdiction in the District Court, supplemental jurisdiction over all other claims may be maintained if the claims

8

are so related to the claims giving rise to original jurisdiction. *Id*.

However, District Court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses the claims over which it has original jurisdiction. *(See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (3) the district court has dismissed all claims over which it has original jurisdiction.").)  And there can be no original jurisdiction if there is no viable lawsuit in the first instance.

> This Court understands "original jurisdiction" to mean jurisdiction in the first instance over a viable lawsuit, without regard to parties to be joined later. Stated differently, the term "original jurisdiction" presupposes a viable lawsuit. We hold today that where a derivative suit brought in diversity is subject to dismissal for failure to join an indispensable, non-diverse party, supplemental jurisdiction is not available to join that non-diverse party because, under § 1367(a), the Court never had "original jurisdiction" over the derivative action.

*ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 47 (S.D.N.Y. 1992)

In fact, it is well established that Court's routinely dismiss claims based upon supplemental jurisdiction where the original jurisdiction was never established. *See Virgilio v. Motorola, Inc.*, 307 F. Supp. 2d. 504, 512 (S.D.N.Y. 2004) ("If a court determines that a case presented to it on the basis of its original jurisdiction is not within 'the original jurisdiction of the United States district courts' then it must dismiss or remand the case.") (citations omitted); *see also McClelland v. Longhitano*, 140 F.Supp.2d 201 (N.D.N.Y. 2001) (Supplemental jurisdiction statute does not create independent source of federal jurisdiction); *and see Gill v. Upson Regional Medical Center*, 1. F.Supp.2d 1480 (M.D. Ga. 1998) ("Unless there was an initial basis for jurisdiction over Patrick in the first instance, there can be no supplemental jurisdiction over the state claims."); *and also see Sevilla v. House of Salads One LLC*, No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) (finding federal courts lack jurisdiction to hear WTPA wage

9

statement and notice claims.)

Here, there is no doubt that Plaintiff's FLSA claims are time barred as set forth above. Therefore, as this Court never had original jurisdiction over a viable lawsuit, the remaining state law claims based upon supplemental jurisdiction must also be dismissed for lack of jurisdiction.

### III.     Defendants Never Should Have Been Forced To File This Motion.

As set forth in the accompanying Declaration of Ryan W. Lawler, Defendants' attorneys informed Plaintiff's counsel on July 18, 2022, that Plaintiff stopped working for Elymar in December 2018 and was not employed by any of the Defendants during the FLSA statutory period before Plaintiff filed this action. (Lawler Decl. ¶ 4-5.)  Despite being informed of these undisputed facts, Plaintiff's counsel nevertheless failed to withdraw the action despite being advised that a motion to dismiss on the statute of limitations would be filed.  (*Id*. ¶ 6.) Defendants should not have been forced to incur the costs of moving to dismiss, or for summary judgment on, a complaint asserting claims that obviously are time-barred, nor should this Court be forced to address these issues and waste precious judicial resources. The conduct of Plaintiff and Plaintiff's counsel is sanctionable.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of jurisdiction and failure to state a claim—or, alternatively, convert this motion to one for summary judgment under Rule 12(d) and grant Defendants summary judgment under Rule 56—on the ground that Plaintiff's claim is barred by the applicable statute of limitations.

Dated: New York, New York
September 30, 2022

Respectfully submitted,

s/ Ryan W. Lawler
Steven W. Gold
Ryan W. Lawler
Alex J. Otchy
MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
(212) 696-4848 (t)
(212) 696-1231 (f)
gold@mintzandgold.com
lawler@mintzandgold.com
otchy@mintzandgold.com

*Attorneys for Defendants*