**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JEANINE DE LA VERRIERE, *on behalf of herself* :
*and others similarly situated in the proposed FLSA* :    No.: 1:22-CV-5700 (PAE-SLC)
*Collective Action,*                                  :
                                                      :
                              Plaintiff,              :    **ORAL ARGUMENT REQUESTED**
                                                      :
            - *against* -                             :
                                                      :
ELYMAR RESTAURANT CORPORATION,                        :
ELYANE VASCHETTA (a/k/a ELYANE                        :
BRUNO), and WILLIAM WELLES,                           :
                                                      :
                              Defendants.             :
-------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT, OR FOR
# SUMMARY JUDGMENT DISMISSING THE AMENDED
# <u>COMPLAINT, AS BARRED BY THE STATUTE OF LIMITATIONS</u>

Ryan W. Lawler
Alex J. Otchy
MINTZ & GOLD LLP
600 Third Avenue, 25th Floor
New York, New York 10016
(212) 696-4848 (t)
(212) 696-1231 (f)
lawler@mintzandgold.com
otchy@mintzandgold.com
*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

FACTS ALLEGED IN THE AMENDED COMPLAINT AND PROCEDURAL HISTORY ....... 3

ARGUMENT ................................................................................................................... 4

LEGAL STANDARD ....................................................................................................... 4

      I.      Plaintiff's Amended Complaint Should Be Dismissed Or Summary Judgment Granted In Defendants' Favor Because Plaintiff's FLSA Claims Are Barred By The Statute Of Limitations And Any Remaining Claims Not Time-Barred Are Subject To Dismissal For Lack of Jurisdiction ....................................................... 5

      II.     The Court Should Dismiss Plaintiff's Remaining State Law Claims Because The Court Never Had Original Jurisdiction Over the Time-Barred FLSA Claims In Order to Obtain Supplemental Jurisdiction Over Defendants ................................ 9

      III.    Defendants Never Should Have Been Forced To File This Motion (or the First Motion) ......................................................................................................... 11

CONCLUSION ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Allen v. Chanel Inc.*,
    No. 12 CV 6758 (RPP), 2013 WL 2413068 (S.D.N.Y. June 4, 2013) ...................................... 8

*Anderson v. Greene*,
    No. 14 Civ. 10249 (KPF), 2016 WL 4367960 (S.D.N.Y. Aug. 10, 2016) ............................... 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................... 4

*Bell. Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................... 4, 5

*Berk v. St. Vincent's Hosp. & Med. Ctr.*,
    380 F. Supp. 2d 334 (S.D.N.Y. 2005).................................................................................. 8

*County of Suffolk v. Long Island Lighting Co.*,
    907 F.2d 1295 (2d Cir. 1990)............................................................................................... 8

*Dallas Aerospace, Inc. v. CIS Air Corp.*,
    352 F.3d 775 (2d Cir. 2003).................................................................................................. 8

*Djurdjevich v. Flat Rate Movers, Ltd.*,
    No. 17-cv-261 (AJN), 2020 WL 7027590 (S.D.N.Y. Nov. 30, 2020)................................... 9

*Fakir v. Skyrise Rock Corp.*,
    No. 16-CV-4695 (JPO), 2016 WL 7192095 (Dec. 12, 2016)................................................ 6

*Ghartey v. St. John's Queens Hosp.*,
    869 F.2d 160 (2d Cir. 1989)................................................................................................. 7

*Gill v. Upson Regional Medical Center*,
    1. F.Supp.2d 1480 (M.D. Ga. 1998) ................................................................................ 11

*Groden v. Random House, Inc.*,
    61 F.3d 1045 (2d Cir. 1995)................................................................................................. 8

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)............................................................................................................. 9

*McClelland v. Longhitano*,
    140 F.Supp.2d 201 (N.D.N.Y. 2001) ................................................................................ 11

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
   723 F.3d 192 (2d Cir. 2013)............................................................................................. 6

*Parada v. Banco Indus. De Venezuela, C.A.*,
   753 F.3d 62 (2d Cir. 2014)............................................................................................... 5

*Rahl v. Bande*,
   328 B.R. 387 (S.D.N.Y. Bankr. 2005)............................................................................. 5

*Roelcke v. Zip Aviation, LLC*,
   No. 15 Civ. 6284 (DAB), 2018 WL 1792374 (S.D.N.Y. Mar. 26, 2018) ........................ 5

*Sahu v. Union Carbide Corp.*,
   548 F.3d 59 (2d Cir. 2008)............................................................................................... 8

*Sevilla v. House of Salads One LLC*,
   No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022)...................................... 11

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
   547 F.3d 406 (2d Cir. 2008)............................................................................................. 7

*Virgilio v. Motorola, Inc.*,
   307 F. Supp. 2d 504 (S.D.N.Y. 2004)............................................................................ 10

*Wright v. Goord*,
   554 F.3d 255 (2d Cir. 2009)............................................................................................. 8

*ZB Holdings, Inc. v. White*,
   144 F.R.D. 42 (S.D.N.Y. 1992) ..................................................................................... 10


Statutes

28 U.S.C. § 1331 ........................................................................................................................ 1

28 U.S.C. § 1367(a) ............................................................................................................... 9, 10

28 U.S.C. § 1367(c)(3).............................................................................................................. 10

29 U.S.C. § 216(b) ..................................................................................................................... 4

29 U.S.C. § 255(a) ..................................................................................................................... 5


Rules

Fed. R. Civ. P. 12(b)(1).......................................................................................................... 9, 12

Fed. R. Civ. P. 12(b)(6)...................................................................................................... passim

Fed. R. Civ. P. 12(c) ................................................................................................. 7

Fed. R. Civ. P. 12(d) ............................................................................................ 8, 12

Fed. R. Civ. P. 56 ......................................................................................... 5, 8, 9, 12

Fed. R. Civ. P. 56(c) ................................................................................................. 8

<u>Regulations</u>

29 C.F.R. § 790.21(b) .............................................................................................. 6

NYLL § 198(3) ......................................................................................................... 5

NYLL § 663(3) ......................................................................................................... 5

Defendants Elymar Restaurant Corporation ("Elymar"), Elyane Vaschetta (a/k/a Elyane Bruno), and William Welles (collectively, "Defendants"), by and through their undersigned counsel, Mintz & Gold LLP, respectfully submit this Memorandum of Law in support of their motion to dismiss the Amended Complaint of Plaintiff Jeanine De La Verriere ("Plaintiff")—or, in the alternative, for summary judgment—because Plaintiff's claims are barred by the applicable statute of limitations and, therefore, no supplemental jurisdiction over any remaining state law claims.

## PRELIMINARY STATEMENT

Plaintiff's claims in this action are time-barred, and the filing of the Amended Complaint, which added two additional allegations that does nothing to vitiate the time-bar applicable to Plaintiff's claims. The statute of limitations for claims under the Fair Labor Standards Act ("FLSA") is, at most, three years, and the statute of limitations for claims under the New York Labor Law ("NYLL") is six years.  Plaintiff asserts claims under both the FLSA and NYLL, but her FLSA claims are expired because she has not worked for Defendants since December 2018, and this Court should not exercise supplemental jurisdiction over NYLL claims if the action is not accompanied by federal claims. Indeed, this action belongs in NY Supreme Court.

Plaintiff is 86 years old and initiated this action nearly four years after ceasing employment with Defendants and almost an entire calendar year past the statute of limitations for all applicable FLSA claims – which is the basis for this Court's jurisdiction.   (*See* Dkt. No. 14 at ¶ 5 ("This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA."). As such, because the Court does not have original jurisdiction over the time barred FLSA claim, it therefore should not have supplemental jurisdiction over state law claims that do not relate to any appropriately pending federal claims.

In response to Defendants' filing a motion to dismiss ((Dkt. Nos. 10 and 11) (the "Motion to Dismiss") the Complaint (Dkt. No. 1) because Plaintiff's FLSA wage claims are time-barred, Plaintiff filed a wholly defective Amended Complaint which did not even attempt to obviate the time-barred nature of Plaintiff's claims (Dkt. No. 14). The Amended Complaint added the scant allegations that Defendants failed to provide "accurate wage notices and accurate wage statements", which in turn allegedly denied Plaintiff the ability to know the conditions of her employment and compensation. (Dkt. 14 (the Amended Complaint), at ¶¶ 64, and 65).[1] These meagre additional allegations fail to remedy the blatant defect in Plaintiff's pleadings; that Plaintiff fails to assert viable federal claims under the FLSA (notwithstanding that Plaintiff was provided accurate wage notices and wage statements). *See* October 22, 2022 Declaration of Elyane Vaschetta ("Vaschetta Decl."), ¶ 4.

Shockingly, although the filing of the complaint was a stark example of blatant frivolous claims, the filing of the Amended Complaint asserted in the face of such an obvious defense set forth in Defendants' initial Motion to Dismiss only compounds the egregious filing of Plaintiff. By filing her Complaint (Dkt. No. 1) and Amended Complaint (Dkt. No. 14) in this action, Plaintiff has twice wasted both Defendants' and the Court's precious time and resources. Plaintiff's Amended Complaint should also be dismissed, with prejudice, for failure to state a claim or, in the alternative, the Court should grant Defendants summary judgment.

Not only did counsel for Defendants repeatedly warn counsel for Plaintiff that the claims were time-barred, frivolous and sanctionable, but in the face of Defendants' Motion to Dismiss, Plaintiff did not even attempt to remedy the defect (because Plaintiff cannot remedy the time-barred FLSA claims) when filing the Amended Complaint. Rather, Plaintiff simply added

---

[1] While Defendants' have a defense to the new frivolous allegations, it is not necessary to muddy the record with state law claims that have been improperly brought in this Court.

additional state-law allegations that Plaintiff ostensibly did not receive accurate wage notices and wage statements. These claims are improperly before this Court because the FLSA claims are time-barred, there preventing this Court from exercising supplemental jurisdiction over Plaintiff's state law claims for lack of original jurisdiction (notwithstanding that accurate wage notices and wage statements were provided). *See* Vaschetta Decl., at ¶ 5. Defendants' counsel emphasized to Plaintiff's counsel that Plaintiff had no basis to bring claims in the Southern District of New York and established same in its initial Motion to Dismiss. Despite these warnings, counsel for Plaintiff has doubled down in its frivolity by filing the defective Amended Complaint. If it were not for Defendants' refusal to expend additional resources defending this action, and expending more resources and time of the Court, Plaintiff and Plaintiff's counsel would have also faced a Rule 11 motion.[2]

## FACTS ALLEGED IN THE AMENDED COMPLAINT AND PROCEDURAL HISTORY

Plaintiff alleges that she was employed as a server at Elymar Restaurant Corp.'s French restaurant, Chez Napoleon, from around January 1971 through December 2018. (Dkt. No. 14 at ¶ 8.) Plaintiff alleges that between July 5, 2016 through December 31, 2018, she worked five days per week for seven hours a day, or approximately thirty-five hours a week. (*Id.* at ¶ 41.) Plaintiff received her last paycheck, for accrued vacation pay, in connection with her employment as a server on February 11, 2019. (October 21, 2022 Declaration of Eric Kutner "Kutner Decl." ¶¶ 4-5, Ex. A; Vaschetta Decl. ¶ 4.)

Plaintiff claims that over the course of her employment at Chez Napoleon, Defendants

---

[2] As set forth in the initial Motion to Dismiss the initial Complaint, this is not the first instance of frivolous filings by Plaintiff's counsel against these Defendants. Plaintiff's counsel engaged in the same frivolous behavior a few months prior with another Plaintiff where Plaintiff's counsel filed a complaint against Defendants despite documentary evidence that Plaintiff's claim was barred by the statute of limitations. That matter was ultimately settled for the nuisance value of $2,500. (*See* Case 1:21-cv-10567-JPO Document 24 (". . . that Plaintiff has judgment in the amount of $2,500.00 as against Defendants.).)

violated the FLSA and NYLL in several respects by, *inter alia,* failing to pay minimum wages, improperly withholding Plaintiff's tips, unlawfully appropriating Plaintiff's tips and deducting her wages, requiring Plaintiff to participate in a tip pool with ineligible non-tipped employees, failing to provide meal breaks or rest periods of any length, failure to provide wage notice and a statement of wages to Plaintiff, failure to pay overtime wages, and filing to maintain and preserve required employment records. (*See generally* Dkt. No. 14.)  All of these allegations are disputed by Defendants, but the veracity of these claims is of no consequence in light of the time-bar and the Court's lack of jurisdiction following the time-bar to Plaintiff's FLSA claim. (Dkt. No. 14.) Moreover, adding the allegation that Defendants failed to provide accurate wage notices and wage statements does nothing to remedy the defect (Dkt. No. 14, ¶¶ 54 and 65.)

Plaintiff commenced this action by filing her Complaint on July 5, 2022 (Dkt. No. 1.) and Amended Complaint on October 14, 2022 (Dkt. No. 14.) In her Amended Complaint, Plaintiff seeks permission to give notice of this collective action, certification of a collective action under 29 U.S.C. § 216(b), declaratory judgment, damages, attorneys' fees, and costs.  (*Id.* ¶¶ 64-67.) All of which is time-barred.

## ARGUMENT

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements" are not factual. *Id.* "[O]nly a complaint that states a plausible claim for relief

survives a motion to dismiss." *Id.* A pleading that offers only "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"Allegations that are so conclusory that they fail to give notice of the basic events and

circumstances of which plaintiff describes, are insufficient as a matter of law." *Rahl v. Bande*,

328 B.R. 387, 399 (S.D.N.Y. Bankr. 2005).

     As detailed below, the Amended Complaint here falls well short of meeting this standard.

**I.**      **Plaintiff's Amended Complaint Should Be Dismissed Or Summary Judgment Granted In Defendants' Favor Because Plaintiff's FLSA Claims Are Barred By The Statute Of Limitations And Any Remaining Claims Not Time-Barred Are Subject to Dismissal For Lack of Jurisdiction**

     The Court should dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6)

for failure to state a claim upon which relief can be granted—or, alternatively, grant Defendants

summary judgment under Fed. R. Civ. P. 56—because Plaintiff's FLSA claims, which are the

basis for the Court's original jurisdiction, are statutorily time-barred.

     "The FLSA provides a two-year statute of limitations on actions to enforce its provisions,

'except that a cause of action arising out of a willful violation may be commenced within three

years after the cause of action accrued.'" *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d

62, 70 (2d Cir. 2014) (quoting 29 U.S.C. § 255(a)). Thus, even where a defendant's actions were

willful, an FLSA claim is time-barred if it is asserted more than three years after the claim

accrues. The NYLL has a longer statute of limitations than the FLSA and allows claims to be

asserted until six years after the claim accrues. *See* NYLL § 198(3), 663(3); *Roelcke v. Zip*

*Aviation, LLC*, No. 15 Civ. 6284 (DAB), 2018 WL 1792374, at *14 (S.D.N.Y. Mar. 26, 2018).

Accordingly, for a claim to be timely under the lengthier statute of limitations of the NYLL, the

action must be commenced no later than six years after the claim's accrual date. Any claim

asserted more than six years after it accrues is time-barred.

"The cause of action for FLSA and NYLL claims accrues on the next regular payday following the work period when services are rendered." *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) (citing 29 C.F.R. § 790.21(b) (2012)); *accord Fakir v. Skyrise Rock Corp.*, No. 16-CV-4695 (JPO), 2016 WL 7192095, at *3 (Dec. 12, 2016). Thus, every new paycheck represents a potential cause of action. *Id.* at 198-99. However, an employee ceases to have any claim against her former employer for violation of the NYLL six years after she leaves or is terminated from her position (and only two years after under the FLSA – or three years if found to be a willful violation). Accordingly, a plaintiff must commence an action within six years of the next regular payday following her last day of work in order to state a claim under the NYLL and 3 years under the FLSA.

Plaintiff filed this action on July 5, 2022. (Dkt. No. 1.) Thus, her FLSA claims are timely only if they accrued within the three years before filing – *i.e.*, July 6, 2019. Her NYLL claims are timely only if the FLSA claims are related to the NYLL claims and they accrued within the six years before – *i.e.*, after July 6, 2016. In other words, any claim that accrued before December 9, 2016, is time-barred under the NYLL (and outside of timely filing by more than three years under the FLSA). While Defendants dispute Plaintiffs NYLL claims, Plaintiff cannot bring those claims under the NYLL based upon supplemental jurisdiction because no original jurisdiction exists where the basis for jurisdiction, the FLSA claim, has been time-barred.

Here, Plaintiff's claims accrued no later than July 2019– more than three years before Plaintiff commenced this action; and thus must be dismissed. While Defendants dispute that any of Plaintiff's claims are legitimate, there is no doubt that Plaintiff's FLSA claims are time-

barred.  As set forth in the accompanying Declarations of Eric Kutner (who has served as

Elymar's accountant and outside consultant - who reviews the books and records for the

company) and Elyane Vaschetta (President of Elymar), Plaintiff's last day of employment was

December 2018. (Kutner Decl. ¶ 4; Vaschetta Decl. ¶ 3.)  Indeed, the last payroll check issued to

Plaintiff was dated December 31, 2018, with one additional severance check dated February 11,

2019. (Kutner Decl. ¶¶ 4-5, Ex. A; Vaschetta Decl. ¶ 4.)  But even with the check dated February

11, 2019, Plaintiff failed to file her Complaint by February 11, 2022 – within the three-year

statute of limitations for (willful) FLSA claims (and the Amended Complaint fails to remedy this

defect, because Plaintiff cannot).  And, without the FLSA claim, there is no original jurisdiction

to provide the Court with supplemental jurisdiction to hear the state law claims.  Accordingly,

Plaintiff's claims are barred by the applicable statute of limitations and should be dismissed.

      Moreover, to the extent supplemental jurisdiction is within this Court's discretion, this

Court should choose to decline to extend supplemental jurisdiction; NY Supreme Court is well

equipped to adjudicate NYLL claims, such as the claims alleged by Plaintiff.

      Where a defendant raises a statute of limitations defense in a pre-answer motion to

dismiss based on dates set forth in the complaint, such motion "is properly treated as a Rule

12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[.]"

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see Staehr v. Hartford*

*Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008).  In some cases, however, a statutory

bar may not be apparent from the allegations on the face of the complaint.  In those

circumstances, where a defendant relies on documents outside of the four corners of the pleading

to support its motion, a motion to dismiss may be converted to a motion for summary judgment.

      If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
      presented to and not excluded by the court, the motion must be treated as one for

> summary judgment under Rule 56. All parties must be given a reasonable
> opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); *see Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008).

"A district court may thus convert a motion to dismiss into a motion for summary judgment when the motion presents matters outside the pleadings, provided that the court gives 'sufficient notice to an opposing party and an opportunity for that party to respond.'" *Anderson v. Greene*, No. 14 Civ. 10249 (KPF), 2016 WL 4367960, at *11 (S.D.N.Y. Aug. 10, 2016) (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)). Further, "[c]ourts have considerable discretion in deciding" whether to convert a Rule 12 motion into a motion for summary judgment under Rule 56. *Allen v. Chanel Inc.*, No. 12 CV 6758 (RPP), 2013 WL 2413068, at *4 (S.D.N.Y. June 4, 2013). Here, because the evidence submitted by Defendants clearly will dispose of this case, the Court should exercise its discretion and consider the Declaration of Eric Kutner and the exhibit attached thereto and the Declaration of Elyane Vaschetta in ruling on Defendants' Motion to Dismiss.

Summary judgment is properly granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). Although the district court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant," *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003), the court should not grant the non-moving party the benefit of "unreasonable inferences, or inferences at war with undisputed facts," *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 342 (S.D.N.Y. 2005) (quoting *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1381 (2d Cir. 1990). If the court determines

that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving

party, there is no genuine issue for trial" and summary judgment should be granted to the moving

party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

(internal quotation marks and citations omitted).

Here, Defendant submitted affidavits and affirmations with documents that she left her

employment at Chez Napoleon in December 2018 and received her last payment on February 11,

2019.  No reasonable trier of fact could conclude that she worked for Elymar within the last three

years.  Plaintiff cannot raise a genuine issue of material fact and summary judgment should

therefore be granted in Defendants' favor.  *See Djurdjevich v. Flat Rate Movers, Ltd.*, No. 17-cv-

261 (AJN), 2020 WL 7027590 (S.D.N.Y. Nov. 30, 2020) (granting defendant summary

judgment on plaintiff's FLSA claim where plaintiff had applied for unemployment insurance

benefits more than three years before commencing the action and plaintiff was unable to raise

genuine issues of material fact to suggest he was entitled to equitable tolling).

Accordingly, the Court should either dismiss the Complaint, with prejudice, under Rule

12(b)(1) and 12(b)(6) or grant Defendants summary judgment on Plaintiff's claims under Rule

56.

## II.    The Court Should Dismiss Plaintiff's Remaining State Law Claims Because The Court Never Had Original Jurisdiction Over the Time-Barred FLSA Claims In Order To Obtain Supplemental Jurisdiction Over Defendants

Plaintiff's remaining claims in this Court must be dismissed with prejudice because the

Court does not have original jurisdiction over frivolous, non-existent time barred FLSA claims,

and therefore, cannot hear the state law claims based under supplemental jurisdiction that is

based off the non-existent and time barred FLSA claims.

As set forth in 28 U.S.C. § 1367(a):

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Where a Plaintiff has claims that give rise to original jurisdiction in the District Court, supplemental jurisdiction over all other claims may be maintained if the claims are so related to the claims giving rise to original jurisdiction. *Id*.

However, District Court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses the claims over which it has original jurisdiction. *(See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (3) the district court has dismissed all claims over which it has original jurisdiction.").) And there can be no original jurisdiction if there is no viable lawsuit in the first instance.

> This Court understands "original jurisdiction" to mean jurisdiction in the first instance over a viable lawsuit, without regard to parties to be joined later. Stated differently, the term "original jurisdiction" presupposes a viable lawsuit. We hold today that where a derivative suit brought in diversity is subject to dismissal for failure to join an indispensable, non-diverse party, supplemental jurisdiction is not available to join that non-diverse party because, under § 1367(a), the Court never had "original jurisdiction" over the derivative action.

*ZB Holdings, Inc. v. White*, 144 F.R.D. 42, 47 (S.D.N.Y. 1992)

In fact, it is well established that Court's routinely dismiss claims based upon supplemental jurisdiction where the original jurisdiction was never established. *See Virgilio v. Motorola, Inc.*, 307 F. Supp. 2d 504, 512 (S.D.N.Y. 2004) ("If a court determines that a case presented to it on the basis of its original jurisdiction is not within 'the original jurisdiction of the United States district courts' then it must dismiss or remand the case.") (citations omitted); *see*

10

*also McClelland v. Longhitano*, 140 F.Supp.2d 201 (N.D.N.Y. 2001) (Supplemental jurisdiction statute does not create independent source of federal jurisdiction); *and see Gill v. Upson Regional Medical Center*, 1. F.Supp.2d 1480 (M.D. Ga. 1998) ("Unless there was an initial basis for jurisdiction over Patrick in the first instance, there can be no supplemental jurisdiction over the state claims."); *and also see Sevilla v. House of Salads One LLC*, No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) (finding federal courts lack jurisdiction to hear WTPA wage statement and notice claims.)

Here, there is no doubt that Plaintiff's FLSA claims are time barred as set forth above. Therefore, as this Court never had original jurisdiction over a viable lawsuit, the remaining state law claims based upon supplemental jurisdiction must also be dismissed for lack of jurisdiction.

## III.   Defendants Never Should Have Been Forced To File This Motion (or the First Motion).

As set forth in the accompanying Declaration of Ryan W. Lawler ("Lawler Decl."), Defendants' attorneys informed Plaintiff's counsel on July 18, 2022, that Plaintiff stopped working for Elymar in December 2018 and was not employed by any of the Defendants during the FLSA statutory period before Plaintiff filed this action. (Lawler Decl. ¶ 4-5.) These same arguments were set forth in Plaintiff's initial Motion to Dismiss the Complaint (Dkt. Nos. 10-11). Despite being informed of these undisputed facts, Plaintiff's counsel nevertheless failed to withdraw the action in response to the Motion to Dismiss. (*See* Dkt. Nos. 10-11 and 14.) Defendants should not have been forced to incur the costs of moving to dismiss (twice), or for summary judgment on, a Complaint and Amended Complaint asserting claims that obviously are time-barred, nor should this Court be forced to address these issues and waste precious judicial resources. The conduct of Plaintiff and Plaintiff's counsel is sanctionable.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the

Amended Complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of jurisdiction and failure

to state a claim—or, alternatively, convert this motion to one for summary judgment under Rule

12(d) and grant Defendants summary judgment under Rule 56—on the ground that Plaintiff's

claim is barred by the applicable statute of limitations.

Dated:  New York, New York
        October 26, 2022

                        Respectfully submitted,

                        */s/ Ryan W. Lawler*
                        Ryan W. Lawler
                        Alex J. Otchy
                        MINTZ & GOLD LLP
                        600 Third Avenue, 25th Floor
                        New York, New York 10016
                        (212) 696-4848 (t)
                        (212) 696-1231 (f)
                        lawler@mintzandgold.com
                        otchy@mintzandgold.com

                        *Attorneys for Defendants*